[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff claims that he is aggrieved by the action of the Commissioner of Transportation in taking a part of his CT Page 1474 premises. He claims the amount of damages offered, $9,900, is inadequate for property located at 307 Boston Post Road, Route 6, Windham.
The defendant took an easement containing 1,406 square feet of the plaintiff's property for highway purposes along Route 6 in Windham. It took a full and perpetual easement to slope for the safety of the highway and remove, use or retain excavating material within an area of 1.686 square feet and the right to construct a driveway within an area totaling 595 Square feet. The distance across the plaintiff's property parallel to the road is 167 feet long and 8 feet wide to 14 feet wide between the highway and the plaintiff's property. The dwelling will be only 14 feet from the new street right-of-way. A snow plow will throw the snow up to and into the dwelling in heavy snow because there is no shelf for snow removal from the street. The plaintiff's appraiser, Peter R. Marsele, values the property at $120,000 before the taking and at $60,000 after the taking, total estimate of damage $60,000.
The defendant's appraiser, Michael Aletta, valued the property at $100,000. He found the damages to be $9,900. Value after taking $90,100.
In his testimony, Marsele pointed out that by taking an easement rather than a fee simple the plaintiff, as owner is still subject to liability for defects in the easement area. He finds also that five large maple trees will be removed as a result of the taking. Further, the public will have the right to walk over the easement area, resulting in further risk, should they fall or be struck by a vehicle in the easement area. Also, there is no snow shelf for snow removal from the street the slope is only four feet from the dwelling and the plows will through the snow up to and into the dwelling in heavy storms.
Mr. Marsele testified the value of $120,000 is solid. However, he acknowledged that the value call of 50% reduction was not solid. It could be less or more. But he felt under all the circumstances it was realistic.
The court finds that Aletta did not take into consideration the factors mentioned above regarding trees, snow removal and liability problems.
The court finds that the defendant's value of $9,900 is too CT Page 1475 low. It also finds that the plaintiff's valuation of $60,000 for the damages is high. The court accepts the plaintiff's valuation of the property as $120,000 but finds the damages to be $40,000. The court also approves Marsele's fee of $1,000 for the appraisal of testimony.
Judgement for the plaintiff in the amount of $40,000.
D. Michael Hurley, Judge Trial Referee